UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Lavonne Monique Hanna, | ) | C/A No. 0:16-cv-752-JFA-KDW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Response required from Plaintiff |
| | ) | no later than **December 14, 2016**) |
| Huddle House and John Susigan, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, proceeding pro se, brought this action against Huddle House, her former employer; and John Susigan, her former manager at Huddle House, alleging violation of Title VII of the Civil Rights Act of 1964. Compl., ECF No. 1. Initially, Plaintiff responded to the court's orders regarding this matter; for example, Plaintiff provided additional information that was required of her before her Complaint could be served. Plaintiff was advised of her duty to keep the court advised of her current mailing address. *See* ECF No. 14.

The Complaint was served, and Defendants filed a Joint Motion to Dismiss in response, ECF No. 30, seeking to end Plaintiff's case. As Plaintiff is proceeding pro se, the court entered an order on July 20, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of motions to dismiss and of the need for her to file an adequate response. ECF No. 33. Plaintiff's response to the Motion to Dismiss was due on August 25, 2016. Plaintiff was specifically advised that if she failed to respond adequately, Defendants' Motion may be granted, thereby ending this case. Several weeks after the August 25, 2016 deadline had expired, Plaintiff submitted a written request that the deadline for her response be

extended. ECF No. 40. That request was granted, making October 14, 2016 Plaintiff's deadline for responding to the Motion to Dismiss. ECF No. 41. No response was received by the October 14, 2016 deadline, nor did Plaintiff communicate with the court during that time. One month after the October 14, 2016 deadline, Plaintiff contacted the Office of the Clerk of Court by telephone and advised that she mailed her response, but that it had been returned to her for having been sent to an invalid address. Plaintiff was reminded of the proper mailing address, and Plaintiff advised the Clerk's Office that she would be resending the response at that time. As of November 30, 2016, more than 60 days since Plaintiff's last contact with the court, the court has received no response to Defendant's Motion.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order regarding the importance of responding to Defendants' Motion to Dismiss, and despite numerous lenient extensions of time, Plaintiff has failed to respond to Defendants' Motion. As such, it appears to the court that Plaintiff does not oppose this Motion and wishes to abandon this litigation. No later than **December 14, 2016**, Plaintiff must advise the court in writing whether she wishes to continue with this case, and, if so, she must also file a response to Defendants' Motion to Dismiss no later than **December 14, 2016**.[1]

This new deadline for response will have given Plaintiff a total of *21 weeks* to file a response to Defendants' Motion. Based on this lenient extension period and the court's need to resolve cases in a timely manner, Plaintiff is advised that **no further extensions of the response deadline will be given**. Plaintiff is further advised that if she fails to respond, it will be

---

[1] Plaintiff may mail any written response to the Clerk of Court, P.O. Box 2317, Florence, South Carolina, 29503, or she may hand-deliver her written response during business hours to the Office of the Clerk of Court, 401 W. Evans Street, Florence, South Carolina.

recommended that her Complaint be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

      IT IS SO ORDERED.

November 30, 2016                                       Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge