UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Lavonne Monique Hanna, | ) | C/A No. 0:16-cv-752-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Huddle House and John Susigan, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, brought this action against Huddle House, her former employer; and John Susigan, her former manager at Huddle House, alleging violation of Title VII of the Civil Rights Act of 1964. Compl., ECF No. 1. Initially, Plaintiff responded to the court's orders regarding this matter; for example, Plaintiff provided additional information that was required of her before her Complaint could be served. Plaintiff was advised of her duty to keep the court advised of her current mailing address. *See* ECF No. 14.

The Complaint was served, and Defendants filed a Joint Motion to Dismiss in response, ECF No. 30, seeking to end Plaintiff's case. As Plaintiff is proceeding pro se, the court entered an order on July 20, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of motions to dismiss and of the need for her to file an adequate response. ECF No. 33. Plaintiff's response to the Motion to Dismiss was due on August 25, 2016. Plaintiff was specifically advised that if she failed to respond adequately, Defendants' Motion may be granted, thereby ending this case. Several weeks after the August 25, 2016 deadline had expired, Plaintiff submitted a written request that the deadline for her response be extended. ECF No. 40. That request was granted, making October 14, 2016 Plaintiff's deadline for responding to the Motion to Dismiss. ECF No. 41. No

response was received by the October 14, 2016 deadline, nor did Plaintiff communicate with the court during that time. One month after the October 14, 2016 deadline, Plaintiff contacted the Office of the Clerk of Court by telephone and advised that she mailed her response, but that it had been returned to her for having been sent to an invalid address. Plaintiff was reminded of the proper mailing address, and Plaintiff advised the Clerk's Office that she would be resending the response at that time. On November 30, 2016, after more than 60 days had passed since Plaintiff's last contact with the court, the court issued an order giving one more opportunity to submit a response to Defendants' Motion. ECF No. 44. That final renewed deadline was December 14, 2016, and Plaintiff was advised that she would receive no further extensions of the deadline by which to respond to Defendants' Motion. *See id.* Further, Plaintiff was advised if she did not provide a response to Defendant's Motion by December 14, 2016, the undersigned "will recommend that her case be dismissed for failure to prosecute." *Id.* at 2-3 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b)). The most recent deadline has passed with no further response from Plaintiff regarding this case or attempting to provide any sort of response to Defendant's pending Motion.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order regarding the importance of responding to Defendants' Motion to Dismiss, and despite numerous lenient extensions of time of approximately 21 weeks, Plaintiff has failed to respond to Defendants' Motion. As such, it appears to the court that Plaintiff does not oppose this Motion and wishes to abandon this litigation. It is recommended that Defendants' Motion to Dismiss, ECF No. 30, be granted and this case be ended. *See Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

December 16, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2