IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Lavonne Monique Hanna,<br><br>    Plaintiff,<br><br>v.<br><br>Huddle House and John Susigan,<br><br>    Defendants. | C/A No. 0:16-752-JFA-KDW<br><br>**ORDER** |

      On March 9, 2016, Lavonne Monique Hanna ("Plaintiff") filed this action pursuant to Title VII of the Civil Rights Act of 1964. ECF No. 1. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which was granted on March 18, 2016, by Magistrate Judge Kaymani D. West, ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. ECF No. 19. On July 19, 2016, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF No. 30. On July 20, 2016, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the importance of Defendants' motion and providing Plaintiff with thirty-four days to file an adequate response in opposition to the motion. ECF Nos. 33–34. However, despite numerous extensions provided by the Magistrate Judge, Plaintiff failed to respond to Defendants' motion. *See, e.g.*, ECF Nos. 41, 44. Thus, the Magistrate Judge issued an order allowing Plaintiff until December 14, 2016, to advise in writing whether she wished to continue with her case and file a response to Defendants' motion. ECF No. 44. In addition, the Magistrate Judge noted that Plaintiff had been given twenty-one (21) weeks to file a response to Defendants' motion and

advised Plaintiff that no further extensions would be provided. *Id.* Furthermore, Plaintiff was advised that if she failed to respond, the Magistrate Judge would recommend her complaint be dismissed with prejudice for failure to prosecute. *Id.* (citing Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss Plaintiff's case. ECF No. 47. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. The parties were advised of their right to object to the Report, which was entered on the docket on December 16, 2016. ECF Nos. 47–48. The Magistrate Judge gave the parties until January 3, 2017, to file objections; however, no objections were filed. Thus, this matter is ripe for the Court's review.

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"[F]ederal courts possess the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "Inherent powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

the orderly and expeditious disposition of cases.'" *Id.* Due to Plaintiff's failure to respond to Defendants' motion or object to the Magistrate Judge's orders for several months despite the warnings she has received of the possible consequences, the Court finds that Plaintiff has failed to prosecute her case and this Court has the inherent power to dismiss same. *Link*, 370 U.S. at 629–31; *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415–16 (4th Cir. 1993); *See* D.S.C. Local Rule 7.06. Therefore, the Court finds that Plaintiff has abandoned her suit and good cause exists to dismiss this action.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 47) and dismisses Plaintiff's case with prejudice.[2] Therefore, Defendants' motion to dismiss (ECF No. 30) is deemed moot.

**IT IS SO ORDERED.**

January 19, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] The Court declines to dismiss this action based upon Defendants' motion to dismiss and rather deems it appropriate to do so on the premise that Plaintiff has failed to prosecute her case.